UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA MURTHA and JAMES MURTHA, individually and as a marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>GREAT WOLF RESORTS, INC., a Wisconsin corporation; CTGW, LLC, a Delaware limited liability company; GREAT LAKES SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

COME NOW the plaintiffs herein, LISA MURTHA and JAMES MURTHA, by and through their undersigned attorneys of record, Myers & Company, P.L.L.C., and for the causes of action against the Defendants named herein hereby allege and assert as follows:

**I.   PARTIES**

1.1   Plaintiffs at all material times hereto were residents of Bremerton, Kitsap County, Washington.

COMPLAINT FOR DAMAGES - 1

MYERS & COMPANY, P.L.L.C.
1530 EASTLAKE AVENUE EAST
SEATTLE, WASHINGTON 98102
TELEPHONE (206) 398-1188

1.2     Upon information and belief, Defendant Great Wolf Resorts, Inc. ("Great Wolf") was at all material times hereto a corporation organized under the laws of the State of Wisconsin.

1.3     Great Wolf is the parent company of Great Wolf Lodge.

1.4     Upon information and belief, Defendant CTGW, LLC ("CTGW") was at all material times hereto a limited liability company organized under the laws of the State of Delaware.

1.5     CTGW owns Great Wolf Lodge's physical structures and land.

1.6     Upon information and belief, Defendant Great Lakes Services, LLC ("Great Lakes") was at all material times hereto a limited liability company organized under the laws of the State of Delaware.

1.7     Great Lakes runs the operations at the Great Wolf Lodge.

## II.     JURISDICTION AND VENUE

2.1     The jurisdiction of this Court is established pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, is between citizens of different States and Defendants are not citizens of Washington State as they are not incorporated in Washington and do not have their principal places of business in Washington.

2.2     Venue is proper as the acts and omissions giving rise to this cause of action occurred in this judicial district.

## III.     FACTS

3.1     On May 31, 2015 Lisa and James were visiting the water park at the Great Wolf Lodge located in Grand Mound, Washington.

COMPLAINT FOR DAMAGES - 2

3.2     The Howling Tornado ride is made of a fiberglass slide with two funnel sections where the riders oscillate in a raft inside the funnel until reaching a splash pool at the bottom.

3.3     Both the specific risks associated with a user weight imbalance and also the general risk of head and neck injury on the Howling Tornado rides were well known to defendants.

3.4     Lisa, her husband, and a friend (two adult men much larger than Lisa) loaded a raft to ride down the Howling Tornado waterslide under the supervision of a lifeguard. Lisa sat on one side of the raft and the two adult men sat across from her.

3.5     The raft entered a corner of the Howling Tornado, slid up the wall and capsized due to the weight imbalance created by loading two grown men on one side and Lisa on the other.

3.6     Lisa hit her head and lost consciousness.

3.7     As a result of the incident Lisa suffered personal injuries and special and general damages in an amount to be proven at trial.

### IV.     CAUSES OF ACTION

A.     <u>Negligence – Great Wolf</u>

4.1     Lisa and James reallege all prior allegations as though fully stated herein.

4.2     Great Wolf breached the duty of care it owed to Lisa and James. The incident occurred as a result of Great Wolf's failure to ensure that the raft was properly loaded.

4.3     Great Wolf deviated from its own standard by failing to ensure that the weight in the raft was equally distributed.

4.4     As a direct and proximate result of Great Wolf's breach of its duty of care Lisa fell and sustained a serious injury.

4.5   Lisa has suffered damages in an amount to be determined at trial.

B.   <u>Negligence – CTGW</u>

4.6   Lisa and James reallege all prior allegations as though fully stated herein.

4.7   CTGW breached the duty of care it owed to Lisa and James.  The incident occurred as a result of CTGW's failure to ensure that the raft was properly loaded.

4.8   CTGW deviated from its own standard by failing to ensure that the weight in the raft was equally distributed.

4.9   As a direct and proximate result of CTGW's breach of its duty of care Lisa fell and sustained a serious injury.

4.10   Lisa has suffered damages in an amount to be determined at trial.

C.   <u>Negligence – Great Lakes</u>

4.11   Lisa and James reallege all prior allegations as though fully stated herein.

4.12   Great Lakes breached the duty of care it owed to Lisa and James.  The incident occurred as a result of Great Lakes' failure to ensure that the raft was properly loaded.

4.13   Great Lakes deviated from its own standard by failing to ensure that the weight in the raft was equally distributed.

4.14   As a direct and proximate result of Great Lakes' breach of its duty of care Lisa fell and sustained a serious injury

4.15   Lisa has suffered damages in an amount to be determined at trial.

D.   <u>Respondeat Superior – Great Lakes</u>

4.16   Lisa and James reallege all prior allegations as though fully stated herein.

4.17   Upon information and belief the lifeguard who supervised loading of the raft was employed by Great Lakes at the time of the described incident.

4.18    The lifeguard was acting within the scope of his employment and in furtherance of his employer's business and was fulfilling his job functions at the time of the described incident.

4.19    Great Lakes is vicariously liable for the lifeguard's negligence.

E.    Loss of Consortium

4.20    Lisa and James reallege all prior allegations as though fully stated herein.

4.21    A spouse has an independent cause of action for support, service, love, affection, care, companionship, society, and consortium.

4.22    As a direct and proximate cause of Defendants' acts and omissions described herein, James has suffered damages in an amount to be proven at the time of trial.

F.    Foreign Law—Punitive Damages Under Wisconsin and Delaware Law

4.23    Lisa and James reallege all prior allegations as though fully stated herein.

4.24    Defendants are domiciled in Wisconsin and Delaware. Both states recognize and allow punitive damages. Punitive damages are appropriate in this case under the choice of law principles and dépeçage.

4.25    Prior to the incident on May 31, 2015 Defendants knew or had reason to know of the unsafe, dangerous and hazardous condition of the Howling Tornado and that it was dangerous, unsafe and hazardous to guests.

4.26    Prior to the incident on May 31, 2015 Defendants knew or had reason to know that the condition of the Howling Tornado created a high degree of risk of physical harm to guests, including but not limited to the risk of an incident causing serious bodily injury.

4.27    Despite knowing about these risks, Defendants deliberately acted to allow the unsafe, dangerous and hazardous conditions to exist and failed to act to correct the condition in conscious disregard or indifference to the risk the condition posed to guests.

4.28    Defendants knowingly created and/or allowed to be created and had reason to know of the creation of a dangerous, unsafe and hazardous condition on their premises which caused a high risk of physical harm to others.  Defendants deliberately acted and/or failed to act in conscious disregard of and/or with reckless indifference to the aforesaid risk, thereby constituting outrageous, willful, malicious, wanton and reckless conduct for which the imposition of punitive damages is appropriate and warranted.

## V.    PRAYER FOR RELIEF

WHEREFORE having fully set forth their claims against Defendants, Lisa and James pray for relief as follows:

A.    For monetary judgment in an amount sufficient to compensate Lisa and James for the damages they suffered as a result of the described incident;

B.    For prejudgment interest on all liquidated amounts as allowed by law;

C.    For their reasonable costs and attorneys' fees incurred herein, pursuant to all applicable statutory, common law and equitable theories;

D.    For punitive damages as may be permitted under Wisconsin and Delaware law; and

E.    For such other and further relief as the Court deems just and equitable.

DATED THIS 29th day of July, 2016.

          MYERS & COMPANY, P.L.L.C.

          Attorneys for Plaintiff

By: _____
        Michael David Myers
        WSBA No. 22486
        mmyers@myers-company.com
        Myers & Company, P.L.L.C.
        1530 Eastlake Avenue East
        Seattle, Washington 98102
        Telephone: (206) 398-1188
        Facsimile: (206) 400-1112